FILED

MAR 0 3 2020

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA    $
            $
v.           $   Case No. 1:18-CR-00040
            $
TARA KAE PONCEROFF    $   1:20 C v38

MOTION UNDER 28 U.S.C. SECTION 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE
BY A PERSON IN FEDERAL CUSTODY

    COMES NOW, Tara Kae Ponceroff, pro se and files this Motion under Section 2255 to vacate, set aside, or correct sentence by a person in federal custody and would show the Court the following grounds for consideration:

     1.   Ineffective Assistance of Counsel
     2.   Abuse of Discretion/Unreasonable Sentence

Background:

    Ms. Ponceroff was coerced into pleading guilty to "Aiding and Abetting Production of Child Pornography, 18 U.S.C. 2, 2251(a) and 2251(e) on February 14, 2019.  On June 10, 2019 she was sentenced to the maximum sentence of 360 months of imprisonment. She has been represented by the Federal Public Defender's Office, specifically L. Richard Walker through out the whole case.  He filed a direct appeal under Case no. 19-4429 on December 17, 2019 that was quickly "affirmed" in 48 hours on December 19, 2019.  To Ms. Ponceroff's knowledge the only ground he challenged on appeal was the "validity of the plea."  Being the only attorney she has had, of course the issue of ineffective counsel was never raised. He also never raised the issue of an unreasonable sentence or the Judge's abuse of discretion in imposement of the maximum sentence.  There have been no other documents filed in this case post-conviction and there are no pending actions.

Ground One:  Ineffective Counsel

Ms. Ponceroff only met with her attorney a very limited amount of time prior to her pleading guilty to a charge in reality she was actually a victim of herself.  Ms. Ponceroff's intellectual and mental stability was a factor to be weighed.  Her attorney confused her and took advantage of her lack of knowledge with the law to coerse her into pleading guilty.  Ms. Ponceroff met more with "Beth" who is according to records a "Federal Public Defender Clerk" who couldn't by law give Ms. Ponceroff any legal advice or answer any of her questions.  She told Ms. Ponceroff that if she plead guilty to the charge that she would only do "15 years and she would be sent to Alderson Prison."  Ms. Ponceroff believed what she had been told.  Ms. Ponceroff was led to believe that "Beth" was an attorney and just recently learned otherwise that she was not. Other than the Judge stating the sentence range of 15-30 years at the rearraignment as standard procedure Ms. Ponceroff listened to what she had been told by someone she thought was an attorney and never understood the concept that she may get the maximum sentence.  On many occassions Ms. Ponceroff stated that she didn't understand what was happening around her and questioned what she was going through.  After she was sentenced it was even "Beth" that came to see her and told Ms. Ponceroff that "she was going to appeal," again misleading Ms. Ponceroff that she was an attorney.

If Ms. Ponceroff would have been allowed to exercise her Sixth Amendment right to trial by jury then the aggrivating circumstances of her situation would have been known.  Then there would have been no doubt compassion and empathy would of played a part in her sentencing.

Ground Two:   Abuse of Discretion/Unreasonable Sentence

Ms. Ponceroff grew up a daddy's girl so when her father was killed in a motorcycle accident when she was only 15 years old it was devestating on her.  She turned to a male companion to fill the void in her life.  That male person was Ian Toothman who was 18 years old at that time.  Ms. Ponceroff, essentially was his first victim.  He physically, mentally, emotionally, and sexually abused her on a daily basis for 12 years and introduced her to the world of drugs.  He basically brain washed and control- led her to the point that her self-esteem was so low that she did whatever he asked out of fear of him.  She tried several times to break free but was unable to because of the control he had over her and he held her against her will.  She was threatened with her own death as well as her children's.  In a way she is thankful and grateful the Government got involved because even though she is now incarcerated, she is finally free of his control and her chil- dren can hopefully have a normal life that they would have never had with him.  She is also able to get the help that she needs in dealing with everything that has happened to her as well.

In May 2018, Psychologist Dr. Edward Baker diagnosed her with post traumatic stress disorder, major depressive disorder, and dependent personality disorder with melancholic and negativistic personality traits.  He concluded in his report that Ms. Poncerof basically suffers from "Battered Spouse Syndrome."  This diagnosis was confirmed a second time on April 26, 2019 by Jennifer Myers, Ph.D. which also list these as "recurrent and severe."  In terms of criminal responsibility, the report states: "Each of these diagnoses caused significan impairment in her daily functioning." Ian Toothman is a pathological individual who targeted, groomed,

and manipulated Ms. Ponceroff via a series of orchestrated state-
ments and behaviors to engage in activities aimed at gratification
of his abnormal and illegal sexual impulses.  Ms. Ponceroff, was
not the initiator or dominant individual in the sequence of events
that resulted in the sexual exploitation of her son, something she
would never have done on her own.

     Ms. Ponceroff's sentence is excessive focusing on statuatory
requirements of Section 3553(a) and particularly the wording that
the district court "shall impose a sentence sufficient, but not
greater than necessary to comply with the purposes" of the statute.
As the Supreme Court has highlighted several times: "It has been
uniform and constant in the federal judicial tradition for the
sentencing judge to consider every convicted person as an indiv-
idual and every case as a unique study in the human failings that
sometimes mitigate, sometimes magnify, the crime and the punish-
ment to ensue."  Ms. Ponceroff is a first time offender who has
never been in trouble with the law, the offense committed was a
one time act under duress, and she was led into the offense by a
controlling predator who threatened not only her life but her
children if she didn't obey him.  In this case, Mr. Toothman
preyed upon Ms. Ponceroff taking pornographic pictures of her and
her son.  He manipulated her into believing her actions were
acceptable.  Ms. Ponceroff took full responsibility for her
actions and fully cooperated with all law officials.  The fifteen
(15) year mandatory sentence for this crime should have been
sufficient.  It was clearly an abuse of discretion when all the
factors are considered and the imposition of the maximum was
given.  Mr. Toothman is the one with illegal sexual impulses and

should have received the stiffer sentence, however Ms. Ponceroff, his first victim received the heavier penalty.

Conclusion:

Our justice system is supposed to protect and speak out for the victims. Ms. Ponceroff is unfortunately one of those victims. She knows what she did was wrong in everyway; physically, mentally, and emotionally because it has been happening to her every single day for the last twelve (12) years. She had no one to turn to or help her get away from the person who controlled her. He had threatened her and everyone she loved. She was a good mother to her son and did what she could to protect him but failed because she wasn't even able to protect herself. She is the one who has to live with the daily remorse of what she was forced to do and that punishment will never go away.

WHEREFORE, PREMISES CONSIDERED, Ms. Ponceroff prays this Court will review the imposition of her sentencing and correct it to the minimum fifteen (15) years in light of the aggrivating circumstances behind this case.

Respectfully Submitted,

Tara Kae Ponceroff, Pro Se
Register No. 12604-087
Federal Medical Center - Carswell
PO BOX 27137
Ft. Worth, TX 76127

I declare under the penalty of perjury that the foregoing is true
and correct and that this Motion under 28 U.S.C. Section 2255 was
placed in the prison mailing system on ___02/26/2020___.

Executed on ___02/26/2020___.

                                        Tara Kae Ponceroff